UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JERRY BEAN, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:20-cv-1509-CDP |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER FOR MOVANT TO SHOW CAUSE**

This matter is before me on movant Jerry Bean's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. Because it appears the motion is time-barred, I will order movant to show cause why it should not be dismissed.

### **Background**

On July 6, 2017, movant pleaded guilty to a two-count indictment charging him with conspiracy to interfere with commerce by threats of violence in violation of 18 U.S.C. § 1951(a) (count one), and possession and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (count two). On October 6, 2017, I sentenced movant to serve consecutive prison terms of 12 months as to count one and 84 months as to count two, to be followed by a five-year term of supervised release. Movant did not appeal. *See United States v. Bean,* No. 4:17-cr-11-CDP (E.D. Mo. 2017).

Movant filed the instant motion on October 19, 2020. Therein, he argues that in light of the United States Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), his conviction under 18 U.S.C. § 1951(a) is not a valid predicate for his firearms conviction under 18

U.S.C. § 924(c)(1)(A)(ii). He claims his firearms conviction is therefore unconstitutional, and asks me to vacate it.

## Legal Standard

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts requires district courts to promptly examine a motion filed pursuant to 28 U.S.C. 2255, and dismiss it if it plainly appears that the movant is not entitled to relief. According to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a one-year statute of limitations applies to motions filed pursuant to 28 U.S.C. § 2255.  28 U.S.C. § 2255(f). The one-year limitation period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. *Day v. McDonough*, 547 U.S. 198, 210 (2006). However, before dismissing the action as time-barred, the court must provide notice to the movant. *Id.*

## Discussion

2

I first address whether the motion is timely under 28 U.S.C. § 2255(f)(1). Movant was sentenced on October 6, 2017, and did not file a direct appeal. When a federal criminal defendant does not file a direct appeal, the judgment of conviction becomes final upon the expiration of the time for doing so. *Anjulo-Lopez v. United States,* 541 F.3d 814, 816 n. 2 (8th Cir. 2008) (citing *Never Misses a Shot v. United States,* 413 F.3d 781, 782 (8th Cir. 2005)). Rule 4(b)(1) of the Federal Rules of Appellate Procedure provides for a fourteen-day period to file an appeal in a criminal case. Accordingly, judgment in this case became final on October 20, 2017, and the one-year limitations period provided in 28 U.S.C. § 2255(f)(1) expired one year later, on October 20, 2018. Movant did not file the instant motion until October 19, 2020. Therefore, the motion cannot be considered timely under 28 U.S.C. § 2255(f)(1).

Movant can be understood to argue that his motion is timely under 28 U.S.C. § 2255(f)(3) because his grounds for relief rest upon the Supreme Court's decision in *Davis*, 139 S. Ct. 2319. However, the Supreme Court decided *Davis* on June 24, 2019, and the one-year limitations period provided in § 2255(f)(3) expired one year later, on June 24, 2020. Movant did not file the instant motion until October 19, 2020. Therefore, the motion cannot be considered timely under 28 U.S.C. § 2255(f)(3).

For the foregoing reasons, it appears the motion is untimely and subject to dismissal, and movant will be directed to show cause within thirty days why it should not be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that movant shall show cause, in writing and no later than thirty (30) days from the date of this order, why the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence should not be dismissed as time-barred.

**Movant's failure to timely comply with this order may result in the dismissal of this action, without prejudice and without further notice.**

Dated this 10th day of November, 2020.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE